21 F.3d 424
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Grover C. THACKER, Petitioner,
v.
BIG BEAR MINING COMPANY; Vision Mining Company; Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 93-1702.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 15, 1993.
Decided April 22, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-484-BLA)
 S.F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner.
 John P. Scherer, File, Payne, Scherer & Brown, Beckley, WV, for respondents.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Grover Thacker seeks review of the Benefits Review Board's (Board) order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West.1986 & Supp.1993). Thacker contends on appeal that the ALJ committed errors in finding that he failed to establish that he was totally disabled due to pneumoconiosis under 20 C.F.R. Sec. 718.204(c) (1992). We agree.
 
 
 2
 Thacker incorrectly asserts that, in order to defeat entitlement, Respondent Big Bear Mining Company was required to "rule out" any connection between his respiratory or pulmonary impairment and his pneumoconiosis. Under Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir.1990), the claimant bears the burden of showing that his pneumoconiosis was at least a contributing cause of his totally disabling respiratory or pulmonary impairment. Our review of the record, however, reveals that the ALJ committed error in finding the absence of a disabling respiratory impairment, and in finding that any impairment the miner had was not due to pneumoconiosis.
 
 
 3
 In this case, the evidence relevant to demonstrating the presence of a totally disabling respiratory or pulmonary impairment consisted of ventilatory studies, blood gas studies, and physicians' reports. The blood gas studies of record all produced nonqualifying values under the regulatory criteria, but there was a conflict in the ventilatory studies. Vent studies performed in 1981, 1982, 1985, and 1989, respectively, all produced nonqualifying values, but two vent studies performed in 1990 produced qualifying values.
 
 
 4
 We find that the ALJ committed error in finding the objective evidence insufficient to establish the presence of a totally disabling respiratory impairment. The ALJ noted that the more recent ventilatory tests would normally be considered the most probative evidence of a disabling respiratory impairment, but concluded that in this case the miner's 1990 results were not his "normal" results in view of the wide variance in the tests, and because the miner "cannot demonstrate significantly higher test results than is his actual capability." We have previously rejected the view that higher ventilatory test scores are inherently more reliable than lower scores. See Greer v. Director, Office of Workers' Compensation Program, 940 F.2d 88, 90-91 (4th Cir.1991).
 
 
 5
 This error would be harmless if we could agree with the ALJ's determination that even if Thacker could establish the presence of a totally disabling respiratory impairment on objective testing, he still could not establish entitlement to benefits because he failed to show that his disabling impairment was due to pneumoconiosis. The ALJ's opinion, however, does not reflect that he was cognizant of the standard set forth in our decision in Robinson v. Pickands Mather & Co., 914 F.2d 35, (4th Cir.1990), when he analyzed the causation issue. In Robinson, we held that a claimant may establish causation under Sec. 718.204 by proving that pneumoconiosis was a "contributing cause" of his totally disabling respiratory or pulmonary impairment. Id. at 38. We rejected the insertion of words such as "significant" or "substantial" into the causation analysis, and explained that pneumoconiosis is a contributing cause unless "the claimant would have been disabled to the same degree and by the same time in his life if he had never been a miner." Id. In finding no causation, however, the ALJ found that the miner's pneumoconiosis did not contribute "in any significant manner" to his pulmonary impairment.
 
 
 6
 We note that the medical opinion evidence is in conflict regarding the causation issue. We therefore cannot speculate as to how the ALJ would have analyzed the causation question had he employed the Robinson standard. Accordingly, the decision of the Board is vacated and the case is remanded to the Board for further remand to an ALJ for further consideration consistent with this opinion. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 VACATED AND REMANDED.